NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4619
_____

UNITED STATES OF AMERICA

v.

DEMETRIUS BROWN,

Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-06-cr-00013-001)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 24, 2013

Before:  AMBRO, FISHER and HARDIMAN, *Circuit Judges*.

(Filed: September 24, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Demetrius Brown appeals a judgment of the United States District Court for the

District of Delaware sentencing him to twelve months in prison and a continued period of

1

supervised release for a violation of previously imposed conditions of supervised release. Brown's counsel also moves to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons stated below, we will affirm the District Court's judgment and grant counsel's motion to withdraw.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 2008, Brown pled guilty to one count of Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The District Court sentenced Brown to a ninety-six-month term of imprisonment, followed by a six-year term of supervised release. On January 19, 2012, Brown's original sentence of incarceration was reduced to ninety-two months pursuant to retroactive changes in the United States Sentencing Guidelines.

Brown's term of supervised release began on November 7, 2012. On November 29, 2012, the United States Probation Office filed a petition with the District Court alleging that Brown had violated the terms of his supervised release by illegally possessing a controlled substance. The District Court held a supervised release revocation hearing on December 6, 2012.

Brown had several run-ins with the law between his release from prison and his revocation hearing. On November 9, 2012, he was arrested for domestic assault. On November 19, 2012, he was arrested for heroin possession and other related charges. On December 2, 2012, he was charged with speeding and driving with a suspended or revoked license. On November 29, 2012, Brown pled guilty to possession of heroin and to a felony charge of terroristic threatening, which related to an unresolved 2005 incident. Neither of the other charges had been resolved at the time of Brown's revocation hearing.

Prior to the hearing, the Office of Probation and Pretrial Services submitted a memorandum to the District Court setting forth sentencing options for the revocation hearing. The probation officer concluded that Brown's criminal history category of VI and "Grade C Violation" for the possession of heroin conviction led to an eight to fourteen month suggested term of imprisonment. Brown received a copy of the violation petition and the sentencing memorandum prior to the revocation hearing.

At the revocation hearing, Brown admitted that he violated the terms of his supervised release. The District Court heard argument on sentencing from the defense and the government. Brown allocuted on his own behalf, admitting responsibility, requesting help, and recognizing that federal probation could offer him opportunities at rehabilitation. The Court imposed a twelve-month term of imprisonment and continued the federal supervised release term that Brown was already serving. While the District Judge stated at sentencing that the continued period of supervised release would be "the

3

maximum up to the six years minus whatever we need to subtract as a result of the incarceration," the order of judgment merely indicated that upon release from prison, Brown was to be on supervised release for a term of six years.

Brown directed counsel to file a notice of appeal. On February 12, 2013, counsel moved to withdraw under *Anders* and Third Circuit Local Appellate Rule 109.2. Brown, who was served with a copy of counsel's motion to withdraw and *Anders* brief, filed a *pro se* brief on March 13, 2013 in support of the appeal where he identified the error in the written order of judgment, arguing that the term as written would exceed the term of supervised release authorized by statute. On March 29, 2013, the United States filed a motion to stay the briefing schedule to seek a correction of the judgment in the District Court. We stayed the briefing schedule for sixty days. The government filed a motion to correct the judgment in the District Court, which the District Court granted on April 12, 2013. The Court amended the judgment to provide that Brown was sentenced to a term of supervised release of the maximum up to six years minus the time that needed to be subtracted as a result of incarceration. On June 3, 2013, the government responded in support of counsel's *Anders* brief.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Counsel may file a motion to withdraw together with a supporting brief under *Anders* if, after reviewing the district court record, he is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a). "We exercise plenary review to determine whether there are any such issues." *Simon v. Gov't of the V.I.*, 679 F.3d 109, 114 (3d Cir. 2012) (citation omitted). When counsel files an *Anders* brief, our inquiry is twofold: (1) whether counsel thoroughly scoured the record in search of appealable issues and explained why any issues are frivolous, and (2) "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Where the *Anders* brief appears adequate on its face, we will rely on it to guide our review of the record. *Id.* at 301.

III.

Counsel's *Anders* brief identifies several possible issues, reviews the relevant law, explains the frivolous nature of the appeal, and includes an appendix with relevant portions of the record. While Brown's *pro se* brief identifies the additional issue of the error in the written order of judgment, that error was clerical and has been corrected. This issue is now moot. We are therefore satisfied that counsel's *Anders* brief is adequate and we use it to guide our review.

Counsel's *Anders* brief raises three potentially appealable issues: the District Court's jurisdiction to revoke supervised release and impose sentence, the validity of Brown's admitted violation, and the reasonableness of the sentence imposed. We agree

with counsel that these issues are frivolous. The District Court had jurisdiction over Brown's revocation proceeding under 18 U.S.C. §§ 3231 and 3583(g). The District Court found Brown's admission to the violation to be knowing, voluntary, intelligent, and supported by his state court conviction for heroin possession.

We review the legality of a sentence imposed upon a revocation of supervised release by determining whether the sentence imposed was reasonable. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). We review for both procedural and substantive reasonableness and the appellant bears the burden of demonstrating unreasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We must first ensure that the district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there are no procedural errors, we consider the substantive reasonableness of the sentence under an abuse-of-discretion standard, taking into account the totality of the circumstances. *Id.*

For a sentence imposed as a result of a violation of supervised release, we must take into account additional considerations. The sentence is imposed "primarily to sanction the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."

6

*Bungar*, 478 F.3d at 544 (quoting *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006)) (internal quotation marks omitted). The district court must also consider the policy statements under Chapter 7 of the United States Sentencing Guidelines. *Id.*

We conclude that the District Court did not commit a procedural error. The record reflects that it correctly calculated the guideline range as eight to fourteen months, given the Grade C violation and Brown's criminal history category of VI. *See* U.S.S.G. § 7B1.4(a). Brown's twelve-month sentence was within the guideline range. A sentencing court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Bungar*, 478 F.3d at 543 (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)). The record demonstrates that the Court considered the § 3553(a) factors, including the nature and circumstances of the supervised release violation and Brown's history and characteristics pursuant to § 3553(a)(1), and his need for guidance upon his release from custody pursuant to § 3553(a)(2)(D). The District Court also clearly relied upon Brown's breach of trust by violating his supervised release conditions so soon after release. The Court explained that "some significant punishment [wa]s necessary" because Brown needed additional time "to further reflect and . . . come out with a plan and the ability to not fall into the same path." JA 21. The District Court stated that the twelve-month period was warranted "given the repeated criminal conduct within just days of [Brown's] release from incarceration." *Id.* at 22. The Court concluded that the continued term of

7

supervised release would serve both as a potential punishment and as an opportunity, as federal supervision could offer some of the help that Brown desired. *Id.* at 22-23. We are satisfied that the District Court gave meaningful consideration to the § 3553(a) factors that a court should take into account when revoking a term of supervised release under 18 U.S.C. § 3583(e).

We also conclude that the sentence imposed by the District Court was not substantively unreasonable. A sentencing decision is substantively reasonable if "the record as a whole reflects rational and meaningful consideration of the factors enumerated in § 3553(a)." *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)) (internal quotation marks omitted). We will affirm a district court's procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* (quoting *Tomko*, 562 F.3d at 568). Given the circumstances of Brown's violation and his articulated desire for help, we cannot say that no reasonable sentencing court would have imposed the same sentence. Accordingly, any argument as to the reasonableness of the sentence imposed would be frivolous.

IV.

For the reasons stated above, we will affirm the District Court's judgment of sentence and grant counsel's *Anders* motion.

8