NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1852
_____

UNITED STATES OF AMERICA

v.

DEMETRIUS BROWN,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 1-06-cr-00013-001)
Honorable Leonard P. Stark, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
December 11, 2015

BEFORE:  FUENTES, CHAGARES, and GREENBERG, Circuit Judges

(Filed: December 14, 2015)
_____

OPINION*
_____

GREENBERG, Circuit Judge.

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

This matter comes on before this Court on Demetrius Brown's appeal from a 21-month custodial sentence that the District Court imposed in a judgment entered on April 6, 2015, because Brown violated the conditions of a term of supervised release earlier imposed on another conviction. Brown does not contend that he did not violate the conditions of supervised release and limits his appeal to challenging the use of sentencing guidelines calculations that he argues led to the 21-month sentence.

Although Brown's involvement with the criminal justice system has been more extensive, we set out his criminal history relating only to the events directly leading to the issues on this appeal. In 2008 Brown pleaded guilty to a count charging him with possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The District Court sentenced him to a custodial term of 96 months to be followed by a term of supervised release. Brown did not appeal from this sentence but on January 19, 2012, the Court reduced the custodial sentence to a term of 92 months to reflect retroactive changes in the sentencing guidelines. See United States v. Brown, 538 F. App'x 217, 218 (3d Cir. 2013).[1]

After Brown completed his reduced custodial term, he began serving his term of supervised release. Brown, however, violated the conditions of supervised release leading the District Court on December 6, 2012, on the probation office's petition, to revoke the previously entered term of supervised release and to resentence Brown to a

_____

[1] We note that in the above opinion we indicated that the District Court imposed a six-year term of supervised release as reflected in the Court's docket sheets, Brown, 538 F. App'x at 218, but the government in its brief indicates that the term was five years. Appellee's br. at 1-2. The difference is not material to our disposition of this case.

custodial term of 12 months to be followed by another term of supervised release. Brown appealed but we affirmed. Brown, 538 F. App'x at 221. On November 27, 2013, Brown was released, but a Delaware state grand jury subsequently returned two indictments against him for charges that we believe are unrelated to those with which we are concerned. Apparently as a result of these indictments, Brown absconded and did not comply with the conditions of his supervised release. Consequently, on January 22, 2015, the probation office filed another petition for revocation of Brown's supervised release predicated on his failure to report, failure to attend the probation office's workplace development program, and failure to notify that office of a change of his address. The District Court issued a warrant for his arrest which was executed in South Carolina on February 11, 2015. At a hearing on April 1, 2015, Brown did not contest the charge that he had violated the conditions of supervised release and the District Court sentenced him to a 21-month custodial term but without a term of supervised release to follow. Brown then appealed again.

We start our analysis of this appeal by referring to a memorandum dated March 27, 2015, prepared by a probation officer setting forth the sentencing options that the District Court would have at the ensuing revocation hearing. In the memorandum, the probation officer indicated, in a statement that neither party challenges, that if the Court followed the Sentencing Commission's non-binding policy statements and if the Court found Brown guilty of violating the conditions of supervised release, the U.S.S.G. § 7B1.4 Revocation Table called for a term of at least eight months but no more than 14 months.

3

In his memorandum the probation officer described Brown's extensive contacts with the police and the criminal justice system and pointed out that there were two active criminal warrants outstanding against him.[2] The officer included the following footnote in his memorandum:

> According to the Designation and Computation Center, Mr. Brown will get credit for the time spent in state custody (8 months, 10 days or 254 days) even though it is unrelated to the violation and the pretrial detention occurred before the conduct which led to the violation. If a former federal inmate returns to federal custody, any time spent in pretrial detention after the discharge from federal prison (in any jurisdiction), which is not applied toward a conviction will be applied to a new term of federal imprisonment. Mr. Brown will also receive credit for the time spent [in] detention since February 11, 2015 to April 1, 2015 (1 month, 22 days or 50 days). In addition, Mr. Brown will earn good time credit for any sentence which exceeds 365 days. Due to the aggregate of the credit time and good time, the recommended term of imprisonment below will effectively become an 11-month sentence from the date of sentencing. Based on the Designation and Computation Center's preliminary calculations, Mr. Brown's projected release date would be March 1, 2016, if he earns all of the good time credit.

The officer also indicated that he had hoped that following Brown's release from Delaware state custody in December 2014, Brown would make good on a statement that he had made at an earlier hearing that he had learned his lesson, but that by absconding from supervision Brown had proven that he had not done so. The officer recommended that if the District Court found Brown guilty "that the term of supervision be revoked and that he be sentenced to serve 24 months in prison." The officer also concluded that inasmuch as Brown consistently had demonstrated that he was not amenable to the

---

[2] Many of these contacts resulted in charges that were dismissed.

conditions of supervised release and there were two active criminal cases pending against him, that the Court not impose an additional term of supervised release.[3]

The parties, through their attorneys, presented their cases to the District Court on April 1, 2015. Notwithstanding the probation officer's recommendation, the Court, as we have set forth, imposed a 21-month custodial term but, in accordance with the probation officer's recommendation, it did not impose a term of supervised release.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Brown contends that, based on the probation officer's calculation of anticipated credits, the District Court made an upward variance which we should review on a plenary basis. See United States v. Thornhill, 759 F.3d 299, 307 n.9 (3d Cir. 2014).

In his brief Brown does not challenge what he contends was the District Court's upward variance effectively enhancing his sentence range to account for the time spent in state custody. He does, however, challenge what he contends was an upward variance of one month and 22 days in federal detention awaiting the supervised release revocation hearing. First, he claims that a variance on that ground did not further the sentencing issues identified at 18 U.S.C. § 3553(a)(2). Second, he argues that a variance to account for credit against the length of the sentence for the time a defendant spends in "official detention resulting from the federal probation or supervised release warrant violation or proceeding" violates a policy statement at U.S.S.G. § 7B1.3(e). He also argues that a

---

[3] According to Brown's attorney statement at the April 1, 2015 hearing, the charges were for drugs and reckless endangerment. App. at 34.

5

variance to account for potential good time credits does not further the sentencing interests in 18 U.S.C. § 3553(a)(2). Appellant's br. at 13.

The District Court explained the reason for imposing this 21-month sentence as follows:

> Well, having considered the record here and the arguments today, while I'm not going to upwardly vary to the full extent that the Government requests, I am going to upwardly vary. I do think that that is warranted under the totality of the circumstances. I think were I to fail to upwardly vary my sentence would not accomplish the purposes of sentencing which in this context includes promoting respect for the efforts of the Federal Courts to supervise somebody on supervised release.

> The supervised release term is not again just a formality, it is part of the sentence. The length of supervised release, the conditions of supervised release, those are all things that the Court and the Probation Office working with it work hard to carefully tailor so that we can have the best chance to help rehabilitate an individual coming out of prison so that they can be reintegrated into society in a productive way.

> So under the circumstances, I will, and do hereby, impose a sentence of 21 months. If I understand the calculation correctly, that means the defendant will serve approximately eight months solely for purposes of having violated the terms of his supervised release, and I think that that is warranted. It happens to be a sentence that effectively comes out at the bottom of the advisory guideline range.

App. at 41-42.

It is certainly true that the District Court in imposing the sentence on Brown intended to vary upwards from the range calculated under the sentencing guidelines. But the Court did not do so on the basis of recalculations under the guidelines. Rather, as the Court explained, it varied by reason of "the totality of the circumstances" because if it failed to do so it "would not accomplish the purposes of sentencing which in this context includes promoting respect for the efforts of the Federal Courts to supervise somebody on

6

supervised release." App. at 41. Thus, the Court imposed a sentence with a custodial term of a length that it thought Brown should serve. Our examination of Brown's history makes it clear that the District Court did not abuse its discretion in imposing the sentence, a result that we would reach even if, as Brown requests, we exercised plenary review on this appeal.

The judgment of April 6, 2015, will be affirmed.